# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Sergio Tarango-Urias**

Case Number:  **2:21CR00031**

Name of Sentencing Judicial Officer: **Honorable Gloria M. Navarro**

Date of Original Sentence: **March 23, 2021**

Original Offense: **Deported Alien Found in the United States**

Original Sentence: **84 Days prison, followed by 36 Months TSR.**

Date Supervision Commenced: **March 23, 2021**

Name of Assigned Judicial Officer: **Honorable Gloria M. Navarro**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled Substance** - You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

    On April 4, 2021, Tarango-Urias (Tarango) submitted a positive drug test for THC.

RE: Sergio Tarango-Urias

Prob12C
D/NV Form
Rev. March 2017

2. **Report Within 72 Hours** - You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

   Upon commencing supervision, Tarango failed to report to the probation office within 72 hours as required.

3. **Deportation Compliance** – If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.

   On June 29, 2021, Tarango was deported to Mexico. On October 8, 2022, Tarango was arrested in Las Vegas on a State Parole violation. Tarango was not authorized to re-enter the United States, nor did he report to the probation office as required.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **October 11, 2022**

Digitally signed by Matthew Martinez
Date: 2022.10.13 14:35:53 -07'00'

Matthew S. Martinez
United States Probation Officer

Approved:

Digitally signed by Brian Blevins
Date: 2022.10.13 11:57:26 -07'00'

Brian Blevins
Supervisory United States Probation Officer

RE: **Sergio Tarango-Urias**

Prob12C
D/NV Form
Rev. March 2017

## THE COURT ORDERS

☐    No Action.
☒    The issuance of a warrant.
☐    The issuance of a summons.
☐    Other:

_____
Signature of Judicial Officer

October 14, 2022
_____
Date

RE: Sergio Tarango-Urias

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. SERGIO TARANGO-URIAS, 2:21CR00031

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### October 11, 2022

On March 23, 2021, Tarango was sentenced to Time Served followed by a three (3) year term of supervised release for committing the offense of Deported Alien Found in the United States. On that same day, Tarango was released from custody into the community.

Tarango failed to report to the probation office within 72 hours as required. On April 1, 2021, the undersigned officer was able to contact Tarango's wife via cell phone and inquired why he had not reported. She stated they were not aware he had to report as they anticipated he would be deported. It was explained he needed to report to our office to begin supervision. She further reported she would bring him to our office the next day. On April 2, 2021, Tarango reported to the probation office and checked in. Tarango was placed into the Comply drug testing program prior to leaving the office.

On April 5, 2021, Tarango submitted a positive drug test for THC. Tarango admitted to consuming THC edibles after being released from custody. Tarango was verbally admonished for his poor decision making. Tarango apologized for starting off supervision in this manner and reported he would cease consuming and THC products.

It should be noted, Tarango is on lifetime parole through the State of Nevada stemming from a 2007 conviction in case number 08C241055-2 on four counts of Trafficking in Controlled Substance and four counts of Transporting a Controlled Substance.

On April 10, 2021, Tarango was arrested by LVMPD on a state parole violation. Tarango was observed riding a bicycle against traffic and failed to stop at a stop sign. LVMPD conducted a "person stop" and smelt the odor of alcohol emanating from Tarango. Tarango admitted to consuming one beer with his supervisor at work. When LVMPD conducted a record check it revealed Tarango was on state supervision and had a condition to abstain from alcohol. LVMPD officers contacted State P&P who confirmed to arrest Tarango. Tarango was booked into the Clark County Detention Center on a parole violation.

On July 14, 2022, the United States Probation Office received notice Tarango was deported to Mexico on June 29, 2021.

On October 8, 2022, Tarango was arrested in Las Vegas, Nevada by LVMPD officers. In this incident, officers observed a dark blue Hyundai Santa Fe with expired registration traveling northbound on Lamb Boulevard. A vehicle stop was conducted. There were two Hispanic males occupying the vehicle. Neither of them had a valid driver's license in their possession and were removed from the vehicle. The driver identified himself as Meza, Pedro with a date of birth of 7/8/1980. A records check was conducted on Meza which no return was found. Upon further

RE: Sergio Tarango-Urias

Prob12C
D/NV Form
Rev. March 2017

investigation Meza revealed his true identity was Tarango, Sergio with a date of birth of 7/8/1982. A records check was conducted which revealed a "DONS Priority 5 Notification" for a state parole violation. Tarango was arrested and transported to the Clark County Detention Center.

On October 11, 2022, the undersigned officer spoke with Tarango's wife, Rebecca, who confirmed the arrest. She further reported Tarango reentered the country a few months ago but did not specify when he reentered.

As such, it is respectfully requested a warrant be issued to initiate revocation proceedings in order for Tarango to appear before Your Honor to show cause as to why supervision should not be revoked.

Respectfully submitted,

Digitally signed by Matthew Martinez
Date: 2022.10.13 14:36:41 -07'00'

Matthew S. Martinez
United States Probation Officer

Approved:

Digitally signed by Brian Blevins
Date: 2022.10.13 11:57:53 -07'00'

Brian Blevins
Supervisory United States Probation Officer

# UNITED STATES DISTRICT COURT
for the

_____ District of Nevada _____

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | |
| Sergio Tarango-Urias | ) | Case No. | 2:21CR00031 |
| | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |
| *Defendant* | | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Sergio Tarango-Urias                                            ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☒ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
Violation of supervised release conditions.

Date: _____

_____
*Issuing officer's signature*

City and state: _____

_____
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: **Sergio Tarango-Urias**

Known aliases: **Sergio Tarango   Sergio Tarango Orias   Sergio Urias   Sergio Tarango Urias   Pee Wee**

Last known residence: **Clark County Detention Center**

Prior addresses to which defendant/offender may still have ties: **6841 Fallona Avenue, Las Vegas, NV 89156**

Last known employment: **N/A**

Last known telephone numbers: **702-410-0270 – Wife's Cell Phone**

Place of birth: **Mexico**

Date of birth: **July 8, 1982**

Social Security number:

Height: **68**                                            Weight: **Brown**

Sex: **Male**                                           Race: **White**

Hair: **Black**                                         Eyes: **Brown**

Scars, tattoos, other distinguishing marks: **"Pride," various faces, and a fairy on upper right arm; "Brown" with various faces On upper left arm; "Tarango Urias" on back; "Jasmine" on left chest; Face of Jesus on right calf.**

History of violence, weapons, drug use: **Trafficking in Controlled Substance, Transporting a Controlled Substance**

Known family, friends, and other associates *(name, relation, address, phone number)*: **Rebecca Melendez (wife) 6841 Fallona Avenue, Las Vegas, NV 89156; 702-410-0270**

FBI number: **564784JC8**

Complete description of auto: **N/A**

Investigative agency and address: **U.S. Probation – 300 Las Vegas Blvd. South, Las Vegas, NV 89101**

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:
**Matthew Martinez – Office: 702-527-7258; Cell: 702-467-9569**

Date of last contact with pretrial services or probation officer *(if applicable)*: **April 2, 2021**

AO 245B (Rev. 09/20)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>SERGIO TARANGO-URIAS | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 2:21-cr-00031-GMN-NJK-1<br>USM Number: 24055-509<br><br>Nisha Brooks-Whittington, AFPD<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Count 1 in the Criminal Information, (ECF No. 26)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 USC §1326(a) & (b) | Deported Alien Found in the United States | 9/4/2020 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/23/2021
Date of Imposition of Judgment

*/s/ signature*
Signature of Judge

Gloria M. Navarro, Judge U.S. District Court
Name and Title of Judge

March 23, 2021
Date

AO 245B (Rev. 09/20) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: SERGIO TARANGO-URIAS
CASE NUMBER: 2:21-cr-00031-GMN-NJK-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
TIME SERVED

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/20) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: SERGIO TARANGO-URIAS
CASE NUMBER: 2:21-cr-00031-GMN-NJK-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

THREE (3) YEARS

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/20)   Judgment in a Criminal Case
　　　　　　　　　　　　 Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: SERGIO TARANGO-URIAS
CASE NUMBER: 2:21-cr-00031-GMN-NJK-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: SERGIO TARANGO-URIAS
CASE NUMBER: 2:21-cr-00031-GMN-NJK-1

# SPECIAL CONDITIONS OF SUPERVISION

1. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Deportation Compliance – If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.

AO 245B (Rev. 09/20)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 6

DEFENDANT: SERGIO TARANGO-URIAS
CASE NUMBER: 2:21-cr-00031-GMN-NJK-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ REMITTED | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.